USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ____4/8/2026____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                                        :

DAVID VELAZQUEZ,                               :

Petitioner,                               :          OPINION AND ORDER

        -against-                      :

                                                             :        24 Civ. 4524 (NSR)(JCM)

EDWARD BURNETT, SUPERINTENDENT,     :

                                                             :

Respondent.                                :
-------------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

       Petitioner David Velasquez ("Petitioner") commenced this proceeding pursuant to 28 U.S.C. § 2254 challenging his convictions following his guilty plea to six felonies, including Possession of a Controlled Substance in the 1ˢᵗ Degree, Sale of a Controlled Substance in the 2ⁿᵈ Degree, Possession of a Controlled Substance in the 2ⁿᵈ Degree, and Criminal Possession of a Weapon in the 2ⁿᵈ Degree in New York State Supreme Court, Sullivan County. (ECFNo.1.) Respondent opposed the petition (ECF No. 17) and Petitioner filed a reply. (ECF No. 20.) The case was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy"), pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), to issue a Report and Recommendation ("R & R") on Petitioner's petition. (ECF No. 7.) Presently before the Court is MJ McCarthy's R & R recommending that the petition be DENIED and the matter deemed DISMISSED. (ECF No. 27.) For the following reasons, the Court adopts the R & R in its entirety.

1

**STANDARD OF REVIEW**

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed de novo. 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a de novo review, a district court must consider the "[r]eport, the record,

applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent that "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendation strictly for clear error." *Harris v. Burge,* No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## **DISCUSSION**

Despite the passage of more than fourteen days, neither Petitioner nor Respondent has objected to MJ McCarthy's R & R. As required, the Court reviews the R & R for clear error. Upon a thorough review of the record and MJ McCarthy's well-reasoned decision, the Court finds the conclusions reached are grounded in fact and law. Accordingly, the Court finds no clear error on the face of the record.

As outlined in more detail in the R & R, Petitioner and his co-defendants were originally charged in a 32-count indictment in a narcotic-related conspiracy. Petitioner filed an omnibus motion seeking various forms of relief including dismissal of the indictment. The Government opposed the motion. The trial court denied Petitioner's motion in its entirety except to the extent of scheduling *Sandoval*, *Ventimiglia* and *Huntley* hearings. Petitioner subsequently moved for reconsideration and prior to the court's resolution of that motion, he withdrew the motion. Soon thereafter, Petitioner agreed to plead guilty pursuant to a negotiated agreement. In addition to pleading guilty, he  waived his right to appeal. At his plea allocation hearing, the trial court

determined the plea and waiver were entered knowingly, voluntarily and intelligently. Petitioner was sentenced as agreed upon and the remaining additional counts were dismissed.

Petitioner appealed his conviction to the State's intermediate appellate court asserting three grounds: his waiver of appeal and collateral motions were invalid; his weapons possession conviction should be vacated for lack of jurisdiction because the gun was inoperable; and the plea was coerced. In May 2021, the appellate court denied Petitioner's appeal and confirmed his conviction relying primarily on state grounds. *People v. Velazquez*, 194 AD3d 1181 (AD 3d Dept. 2021). In its decision the court ruled that "because one or more of the overt acts committed in furtherance of the conspiracy occurred in Sullivan County, …Sullivan County had geographical jurisdiction over the conspiracy count, as well as the object/component crimes of the conspiracy, including criminal possession of a weapon in the second degree. *Id.* at 1182. The court further noted, contrary to Petitioner's contention, knowledge of the weapon's operability was not an element of the weapons charge. *Id*. at 1183. Lastly, the court concluded Petitioner failed to preserve his contention that his guilty plea was coerced and his challenge to the factual sufficiency and found his remaining contentions to be meritless. Id. Petitioner sought leave to appeal to the state's highest court but was denied. *People v. Velazquez*, 37 NY3d 995 (2021).

As delineated by MJ McCarthy, "[it] is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.' *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). Similarly, claims which are unexhausted at the state level and procedurally barred are not subject to habeas review. *See Gutierrez v. Smith*, 702 F.3d 103, 111 (2d Cir. 2012). Petitioner's claims are either procedurally barred or without merit.

4

Lastly, Petitioner's ineffective assistance of counsel claims fall short of the requisite showing. It is well settled, to establish a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and but for the flawed or deficient representation, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–96 (1984).

## CONCLUSION

Upon review of the Report and Recommendation, the Court finds no clear error on the face of the record. Accordingly, the Court adopts the Report and Recommendation in its entirety, and the petition is DENIED. The Clerk of the Court is respectfully directed to terminate the motion (ECF No. 1) and to terminate this action. The Court further finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability shall not be issued. 28 U.S.C. § 2253(c). The Clerk of Court is requested to mail a copy of this Opinion to pro se Petitioner.

Dated: April 8, 2026
    White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

5